## THE MASCOT.

## NEWTOWN CREEK TOWING CO. v. McLAIN.

(Circuit Court of Appeals, Second Circuit. December 3, 1894.)

### No. 13.

COLLISION OF TUG WITH CANAL BOAT AT DOCK—OVERTAKING VESSEL.

The steam tug Mascot, with a boat in tow, lashed on her port side, was very slowly approaching a drawbridge at a safe distance from the dock where the libelant's canal boat was unloading, and at a safe distance from the canal boat, when, owing to an unforeseen, sudden, and unnecessary sheer of an overtaking vessel on her port side, her tow was violently struck, and she was shoved to the starboard, and brought in contact with the libelant's boat. The tug could have taken a course originally further out in the channel, and further away from the dock, but the course she did take was the usual one, and the distance from the dock the usual distance for vessels approaching the draw. *Held*, that the tug was not bound to anticipate any such occurrence as took place; that the sole cause of the accident was the negligence of another vessel; that the decree of the district court holding the tug liable should be reversed, and the libel dismissed.

Appeal from the District Court of the United States for the Southern District of New York.

This was a libel by Bernard McLain against the steam tug Mascot (Newtown Creek Towing Company, claimant), for damages by collision to libelant's canal boat Elizabeth. The district court rendered a decree for libelant. Claimant appealed.

On the hearing in the district court the following opinion was filed (Brown, District Judge.):

On the morning of the 8th of March, 1892, the libelant's canal boat, the Elizabeth, while lying alongside the dock on the southerly side of Newtown creek, about 200 feet below the first bridge, waiting to discharge her cargo of coal, was run into by the steam tug Mascot, which had come up the creek shortly before with a boat in tow on her port side, and was proceeding quite slowly, waiting for the draw to open in response to her signals. She was passing about 25 feet from the Elizabeth when another tugboat, the Mischief, which had come up the creek a very little astern and outside of her, and which had a large boat in tow on her port side, took a sheer to starboard, and, running against the Mascot, pushed the latter over sideways, so as to collide with the Elizabeth. The Mascot's witnesses accordingly throw the blame upon the Mischief and her tow; while the Mischief's witnesses, who were called for the claimants, testify that the sheer was caused, not by their fault, but by a mistake of the tow alongside in putting her wheel to port instead of to starboard, as ordered. The witnesses from that tow were not called, and were not present. No doubt the Mascot would not have collided with the Elizabeth had the former not been struck by the Mischief and her tow. But I am not satisfied with the sufficiency of the explanation offered. Involuntarily and without necessity going so near a canal boat rightfully moored at a usual landing place, I think the Mascot took the risk of such incidents of navigation as those above mentioned, so far at least as respects any injury to a boat properly moored. There was no need of her going so near, as is proved by the fact that the Mischief was coming up 50 feet further out. The testimony is contradictory whether the Mischief was partly lapping as she came along, or wholly astern. But the sheer of the Mischief was seen some little time before she struck the Mascot's tow, and the blow did her tow no damage. It is plain, therefore, that she approached the Mascot quite gradually, and I am not satisfied that the Mascot was necessarily shoved over to such an extent as alleged. The Mascot might have backed. Her pilot says she did not back because backing would have brought his bow against the

Elizabeth. His bow would, indeed, have swung somewhat to starboard in backing; but all the evidence shows that the Mascot was moving very slowly, and I do not credit the contention that backing in such a situation by the Mascot would have caused her to swing so rapidly that her bows would have struck the Elizabeth before she had got away, had she been as much as 25 feet distant from the Elizabeth. I must hold the Mascot, therefore, liable, both for her unnecessary near approach to the Elizabeth and for not doing what she might have done to prevent the collision. An order of reference may be taken if the damage is not agreed upon.

Alexander & Ash, for appellant.

Hyland & Zabriskie, for appellee.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

WALLACE, Circuit Judge. This case turns wholly upon questions of fact, and we are unable to agree with the learned district judge in his view of the facts. We are unable to discover in the evidence anything which indicates a want of vigilance or prudent navigation on the part of the Mascot. She was proceeding with a boat in tow lashed on her port side, very slowly approaching the drawbridge, at a safe distance from the dock where the libelant's canal boat was unloading, and at a safe distance from the canal boat, when, owing to an unforeseen, sudden, and unnecessary sheer of an overtaking vessel on her port side, her tow was violently struck, and she was shoved to the starboard, and brought in contact with the libelant's boat. Undoubtedly, she could have taken a course originally further out in the channel, and further away from the dock; but the course she did take was the usual one, and the distance from the dock the usual distance for vessels approaching the draw as she was. She was not bound to anticipate any such occurrence as took place. The sole cause of the accident was the negligence of another vessel. The decree is reversed, and the cause remitted to the district court, with instructions to dismiss the libel, with costs of that court and of this appeal.